Welch, J.
I concur in this decision, but place it upon broader-ground than that assumed by a majority of the court. I hold that a deed of conveyance in Ohio is good, without naming any consideration, and that the grantee under such a deed takes the equitable as well as the legal estate. Such has always been my opinion, and in practice I have generally found it to be the opinion of the profession. The contrary idea seems to rest in the supposition (1.); That this is strictly a dped of “bargain and sale; ” and, (2.) That there is the same necessity here for requiring a consideration to be expressed in the deed, as there was in the English deed of bargain and sale, or of covenant to stand seized to uses. I deny both propositions.
At common law a consideration was presumed in all cases of contract by deed, whether executed or executory. Indeed, the reasons-for presuming its existence are stronger in case of an executed contract, than of a contract executory; for in one case the presumption rests alone upon the making of the contract, while in the other-it rests upon both the making and the execution. If it is unreasonable to presume that a party will, under the solemnity of a seal, agree to do any act without consideration, it is at least as unreasonable to presume that he will do the act without consideration. The-rule of the common law, however, was simply the same in both-cases, and applied peculiarly to deeds of conveyance. Accordingly, deeds of enfeoffment, and deeds of grant, the only common-law mode-of conveyance, required no consideration to be expressed. The other modes of conveyance subsequently resorted to in ^England, rendered necessary by the absurdities and complications of tho feudal system, were the creatures of statutes, or the fictions and devices of the courts to get rid of statutes, which have never been adopted in Ohio. These other modes of conveyance were fine, recovery, lease and release, covenant to stand seized, and bargain and sale.. None of these forms of conveyance, except the last two named, re *609 quired any knowledge of consideration in the deed. The conveyance by fine, recovery, lease and release, and covenant to stand seized, have never been used in Ohio, and the deed in question has none-of the elements of either. The consideration of kinship was sufficient to support the deed of covenant to stand seized. So, that the deed of bargain and sale, was the only form of deed requiring a valuable consideration expressed to support it.
Now, I say, in the first place, that our common form of deed in. Ohio is no more a deed of bargain and sale than it is a deed of foeffment, grant, or release. It is, in fact, all four combined. It has the operative words of all. It gives, grants, releases, and conveys, as well as bargains and sells. True, the deed in controversy has not the words give, grant, or release; but it has the words transfer and convey, which are words of present conveyance, and are equivalent. 4 Kent, 491; 3 A. K. Marshall, 118. In such case, as the court say, in Foster v. Commissioners of Hamilton County, 9 Ohio, 121, “ whether the form be foeffment, or grant, bargain, and sale, or release, it may inure as either.”
I say, in the second place, that if this is a deed of bargain and sale, provided it contains words of conveyance in presentí, no consideration need be expressed. The deed of conveyance known by that name was the creature of the statute of uses, which never was in force in Ohio. Before the passage of that statute, a deed of bargain and sale conveyed no title. It was in effect a mere contract to sell. It was, what its name imports, a bargain and sale. In other words, it gave the purchaser the right to go into a court of equity to enforce his rights by decree. But volunteers can not compel a conveyance in equity, and therefore the purchaser, before he could obtain a decree, was required to show that he had paid a valuable consideration. *The statute of uses simply took the place of this decree, by declaring that all such bargains and sales for valuable consideration should operate and have the force and effect of legal conveyances. We have no such statute in Ohio (7 Ohio, pt. 1, 275; 14 Ohio, 610), and therefore a deed of bargain and sale — such as it existed before the statute of uses — passes no legal title in Ohio, whether with or without expressing a consideration. We still have to resort to a court of equity for a title in such cases. But we have, in our forms of conveyance, added to the operative words of the deed of bargain and sale, those of the common-law forms of conveyance by which title was conveyed, and *610 not merely agreed to be conveyed, and to which attaches the presumption of a consideration. The deed in question is a conveyance, .and not a contract for a conveyance or covenant to stand seized. It is executed, and not executory. It binds the estate, and not the person. It does not have the effect merely to raise an equity, but, as is said in 2 Ohio St. 314, it “ transfers both the legal and equitable estate.” It is no creature of the English statute with us, but, as the court say in the case referred to, “ takes its form and derives its authority from our own statutes and local usages.” There is no statute in Ohio rendering it indispensable to express a consideration in a deed. If there is any such usage, it is an unreasonable usage, and the sooner we dispense with it the better. No one will deny that a man can give away his land, as well as his goods. No one disputes his right to make the gift by deed, as well as by will, and to make it to a stranger equally as to a blood relative. But, for some undefined reason, it is supposed that he can not make the gift in his lifetime and to a stranger, except in one way, namely, by putting a falsehood upon the face of the deed. If he tells the truth, and sayS it is a gift, it is no gift, but reverts to him. But if he falsely says it is no gift, but a sale for “ one dollar,” then it is a gift. Now, common law is said to be common sense. If there is any such common law as this in Ohio, I fail to see its common sense. If there is any such usage, it is a very unreasonable usage. There never was any necessity for the adoption of such fiction or falsehood into our system. If, from mere caution, a con'sideration *has been expressed in most of our deeds of conveyance, that does not make it indispensable.
Many other words of surplusage are found in almost all deeds; but no one supposes that, in the absence of statutory requirement, their frequent, or even universal use, makes them indispensable. There is no reason or necessity in the nature of the thing, or in the source from which our forms of conveyance have originated, that require us thus to depart from truth and common sense, in our forms of conveyance. To declare such a rule, I fear, will be to unsettle many titles. It is matter of mere form, and when inserted is almost wholly disregarded by the courts. We have no statute prescribing a form of deed. Our laws on the subject merely regard the solemnities of their execution. And yet it is jdainly implied in those laws, that if the instrument be a udeed,” and contain apt words for the •“ conveyance ” or “incumbrance ” of real estate, and have prescribed *611 solemnities, it is sufficient. And what good reason is there why we should not apply the same rules of interpretation of the words of a deed of conveyance, and in giving effect to these words, that we apply to other contracts. If the instrument is a “ deed,” executed and acknowledged with the statutory solemnities, and contains words showing an intention to pass a title — to “ convey,” give, grant, or “ transfer ” the estate — why is that not sufficient ? There is no reason why it should not be, unless we needlessly, and almost wantonly, adopt what the court, in 9 Ohio, 121, calls the “ artificial machinery” of English titles, and which the court says, “wehave always considered unnecessary in this state.”